UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONSTRUCTION MANAGEMENT, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:19-cv-00806 ) ) |
| PLATINUM HOSPITALITY, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case arises from a hotel construction project. The general contractor, Construction Management, Inc. ("CMI"), a South Dakota corporation (Doc. No. 9), brought this lawsuit, invoking diversity jurisdiction, to collect money due for services rendered to the owner of the hotel construction project, Platinum Hospitality, LLC ("Platinum"), a Tennessee limited liability company.[1] Platinum has filed a motion to amend to assert counterclaims against CMI, and a motion to join as party defendants and to bring counterclaims against CMI principals and agents, William Coulson and Dustin Geditz, South Dakota citizens, and CMI's subcontractors.[2] For the reasons that follow, Platinum's motions to amend and to join party defendants will be granted in part and denied in part. As a result, the Court lacks complete diversity of citizenship because CMI and

---

[1] The citizenship of a limited liability company is determine based upon its members. Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); see also 28 U.S.C. § 1332. The members of Platinum, Minesh Shah, Bhabik Shah and Natvar Shah, are citizens of Tennessee. (Doc. No. 45).

[2] CMI's subcontractors are: Charles DeWeese Construction, Inc. Innvantage Group, Inc., Davis Brothers Roofing, JFR Construction, J.S. Electric, LLC, K&A Construction, LLC and Reese Enterprise, Inc. None are citizens of South Dakota.

Coulson are South Dakota citizens, but this case will not be dismissed because the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

**I.**

Platinum seeks permission to assert fifteen counts[3] against CMI, its alleged principals and agents Coulson and Geditz, and CMI's subcontractors arising from the hotel construction project. Of the fifteen counts, there is a single count for breach of the hotel construction project contract (Count II) against CMI.

Platinum offers ten counts against CMI and Coulson. These counts primarily focus upon CMI's and Coulson's alleged misfeasance and malfeasance prior to execution of and performance under the hotel construction project contract. The centerpiece of these counts is that CMI and Coulson allegedly failed to disclose that CMI did not have a valid Tennessee general contractor's license; misrepresented the status of its contractor's license; misrepresented the extent of its construction experience to mislead Platinum into entering the hotel construction project contract; and then CMI and Coulson failed to perform as contractually required. Platinum relies on representations, omissions, actions and inactions by CMI and Coulson, but also the disciplinary action of the Tennessee Board of Licensing and Contractors against CMI. Specifically, the Board's decision to suspend CMI's license while it was still building the hotel. From these core allegations, Platinum seeks to bring against CMI and Coulson the following claims: declaratory judgment of the rights and obligations under the contract, if any contract existed (Count I); contractual indemnification and contribution (Count III); intentional and fraudulent misrepresentation, as well as fraud (Count IV); negligent misrepresentation (Count V); fraudulent

---

[3] Although the proposed counter-complaint alleges 16 counts there are only 15 because there is no count XIII (Doc. No. 109-1 at 51–54).

inducement to enter contract (Count VI); fraudulent omission (Count VII); violation of the Tennessee Consumer Protection Act (Count X); conversion (Count XI); negligence per se (Count XV); and implied contract/unjust enrichment (Count XVI).

With respect to CMI, Coulson and CMI's subcontractors, Platinum presents two counts. Alleging that each engaged in unsatisfactory construction workmanship, unnecessary delays and cost overruns, Platinum seeks damages for negligent construction and supervision (Count XII) and equitable right to contribution (Count XIV).

Finally, Platinum alleges a single count of civil conspiracy (Count IX) against CMI, Coulson, and Geditz. Platinum alleges that "Coulso (sic), Geditz and CMI, entered into a common design" to engage in the construction industry in Tennessee through misrepresentation of its corporate status, its licensure, concealing their actions and fraudulently representing their status. (Doc. No. 109-1 ¶ 204). Specifically, Platinum believes Coulson and Geditz, individually and through other unnamed persons, combined, confederated and conspired with an unlawful purpose and means to harm Platinum. (Id. ¶¶ 205, 208). Then, without any supporting factual allegations, Platinum alleges that Coulson and Geditz, as corporate officers of CMI, "acted outside of the scope of their employment with CMI to further their own personal purposes and not those of CMI," based upon CMI's treatment of its subcontractors. (Id. ¶ 207).

CMI, Coulson, Geditz and CMI's subcontractor Reese Enterprises, Inc. all oppose Platinum's motion to amend. (Doc. Nos. 113 and 115). They argue that Platinum unduly delayed filing its motion to amend and to join, failed to comply with the Local Rules, failed to plea with particularity claims of fraud and negligence and, in any case, its amendment would be futile as a matter of law. (Doc. Nos. 112 at 4–5; 113 at 6–10). For the most part, these arguments are not persuasive given the liberal legal standard the Court must apply.

3

**II.**

As the parties acknowledge and concede, Rule 15 of the Federal Rules of Civil Procedure requires that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, all of the allegations in Platinum's proposed counter-complaint arise from the hotel construction project because Platinum challenges the actions of CMI, Coulson, Geditz and CMI's subcontractors before, during, and after the hotel construction project. While Platinum has previously made similar allegations in a different state lawsuit removed to this Court (Case No. 3:19-cv-00285, Doc. No. 1-1) and earlier in this case when it filed a third-party complaint (Doc. No. 12), this is its first motion to amend in this case. Platinum's motion to amend and to join was filed before the initial case management conference and before the October 1, 2020 deadline to file motions to amend in the Initial Case Management Order. (Doc. No. 123 at 5). There is no substance to the argument that Platinum unduly delayed and the Court discerns no prejudice to any party at this early stage of the case. The mechanics of Local Rule 15.01(a)(1) were satisfied because Platinum filed a motion, supporting memorandum of law and proposed counter-complaint.

CMI argues that Platinum failed to allege fraud with sufficient specificity to satisfy Rule 9 of the Federal Rules of Civil Procedure, so it would be futile to permit amendment. It is true that Rule 9(b) requires allegations of time, place and content of the alleged fraud relied upon, the fraudulent scheme, intent to engage in fraud and damages from the fraud. <u>U.S. ex rel. Bledsoe v. Community Health System, Inc.</u>, 501 F.3d 493, 504-05 (6th Cir. 2007). However, the proposed counter-complaint does just that to put CMI and Coulson on sufficient notice of what Platinum complains. A few examples from the proposed counter-complaint make this clear. In paragraphs 20-53, Platinum sets forth that starting in 2014 through 2015 Coulson mispresented CMI's licensure to Platinum and that it relied upon those misrepresentations to enter the hotel construction

4

project contract. In paragraphs 54-72 of the proposed counter-complaint, it is alleged that in 2015 CMI was not truthful about its construction experience that Platinum relied upon to enter the hotel construction project contract. Finally, in 2018 CMI admitted to the Tennessee Board of Licensing and Contractors that it altered its license during the construction project, never told Platinum that it did so, and in fact represented the opposite that its license had not been suspended. (Doc. No. 109-1 at 122-29). These are but some of Platinum's factual allegations that satisfy Rule 9(b).

While Platinum's reason for filing the proposed counter-complaint remains a mystery, the factual allegations and claims are proper under Rule 15, with one exception. The Court finds Platinum's claim of civil conspiracy (Count IX) against CMI, Coulson and Geditz is futile as a matter of law. Platinum alleges a civil conspiracy that is entirely within the corporate framework of CMI. Based solely upon Coulson's and Geditz's actions to advance the conspiracy as employees or agents of CMI, Platinum seeks damages based upon a "civil conspiracy," also well known as the doctrine of intracorporate conspiracy immunity. Application of this legal principle should come as no surprise to CMI, Coulson, Geditz or Platinum's attorney of record here because very recently Judge Aleta A. Trauger dismissed the same claim in <u>Construction Management, Inc., v. Expo Hospitality, LLC</u>, case no. 3:19-cv-00298, 2020 WL 489461 (M.D. Tenn. January 30, 2020). Relying upon Tennessee Supreme Court cases, Judge Trauger concisely explained the applicable legal principle as follows:

> For a claim of intracorporate conspiracy to be actionable, the complaint must allege that corporate officials, employees, or other agents acted outside of the scope of their employment and engaged in conspiratorial conduct to further their own personal purposes and not those of the corporations. There can be no actionable claim of conspiracy where the conspiratorial conduct alleged is essentially a single act by a single corporation acting through its officers, directors, employees, and other agents, each acting within the scope of his or her employment.

<u>Id.</u> at *6. (citations omitted).

5

The civil conspiracy claim here is not saved by Platinum's allegation that Coulson and Geditz "acted outside" of their CMI corporate positions to further the civil conspiracy because Platinum offers no factual allegations to support that conclusion directly or through a reasonable inference. (Doc. No. 109-1 ¶ 207). Indeed, Platinum has done nothing more than to assert naked "labels" and "conclusions" unadorned with factual allegations, which are legally insufficient to support a civil conspiracy claim. Skipper v. Clark, 150 F. Supp. 3d 820, 829 (W.D. Ky. 2015). Platinum's motion to bring a civil conspiracy claim is futile because it could not withstand a Rule 12(b)(6) motion to dismiss, Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), and because mere "labels and conclusions … will not do," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Accordingly, Platinum's motion to amend to add Count IX and to join Geditz will be denied.

## III.

Turning to Platinum's request to add party defendants, it relies on Rule 13(h) of the Federal Rules of Civil Procedure that permits joinder of parties as permitted in Rules 19 and 20. The new party defendants that Platinum seeks to add are Coulson, Geditz and CMI's subcontractors. The addition of Coulson and Geditz would destroy diversity of citizenship because they, like CMI, are citizens of South Dakota. However, given that Geditz is only named in Count IX that the Court has concluded is improper, only Coulson's presence would eliminate the Court's subject matter jurisdiction. Coulson, as noted above, is implicated in all fourteen of the remaining counts in Platinum's proposed counter-complaint.

Platinum's allegations against Coulson easily satisfy Rule 19 to require his addition as a party defendant in this case. Rule 19 authorizes the addition of any person if, without that person, the court "cannot accord complete relief among the existing parties." Red. R. Civ. P. 19(a)(1)(A).

6

Coulson, according to Platinum, is the leading actor who orchestrated the actions and inactions, misrepresentations, fraud and trickery that induced Platinum to enter the hotel construction project contract. As a principal in CMI, Coulson's alleged central role in all of Platinum's legal claims makes him a person whose absence would impede and impair the Court's ability to provide complete remedial relief among the existing parties, if liability is established. For example, Coulson will be a key witness to explain the circumstances, obligations and liabilities between CMI and CMI's subcontractors. His testimony will likely drive what amounts, if any, CMI is due and what financial responsibility rests with CMI's subsidiaries for their services on the hotel construction project. Further, Coulson will be important to explain how CMI complied with the Tennessee Board of Licensing and Contractors disciplinary action while CMI provided construction services. If Coulson acted outside of his role as CMI's agent, then crafting relief will be problematic without his presence as a party.

Likewise, CMI's subcontractors presence as party defendants is critical if Platinum's claims of negligent construction and supervision are established because they will need to bear some degree of the liability. Platinum's claim of an equitable right to contribution will be meaningless without the CMI's subcontractors presence as party defendants. The Court concludes that Rule 19 requires their participation as parties.

Because the addition of Coulson as a party defendant eliminates complete diversity of citizenship, the Court must consider whether supplemental jurisdiction is invoked under 28 U.S.C. § 1367. That section provides, in part, as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

7

> States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Subsection (a) allows this Court to exercise supplemental jurisdiction over "other claims" that do not independently come within the Court's jurisdiction, but are part of the original complaint brought by CMI to collect money due from its work on the hotel construction project. Platinum's proposed counter-complaint asserts claims and adds parties that are related to the original claims by CMI and are part of the same Article III "case or controversy." Further, subsection (a) specifically vests supplemental jurisdiction when those claims involve additional parties. Platinum's claims against Coulson and CMI's subcontractors satisfy § 1367(a) because they arise out of the hotel construction project. CMI, Platinum, Coulson and CMI's subcontractors were all involved in the construction project and this lawsuit will determine the extent of their respective legal rights and obligations.

Subsection (b) withdraws supplemental jurisdiction but that withdrawal does not apply here. As explained by the Fifth Circuit in <u>State National Insurance Company, Inc. v. Yates</u>, 391 F.3d 577 (5th Cir. 2004):

> Section 1367(b), however, withdraws some of the jurisdiction that § 1367(a) would otherwise allow. Where, as here, the district court's original jurisdiction is based solely on diversity, the district court does not have supplemental jurisdiction "over claims by Plaintiffs against persons made parties under Rule 14, 19, 20 or 24" when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirement of 28 U.S.C. § 1332, the statutory grant of diversity jurisdiction.

Id. at 579 (internal emphasis and alterations omitted). In Yates, the Court of Appeals reversed the district court's dismissal under Rule 19 when the district court added a nondiverse defendant that eliminated diversity of citizenship. The Court of Appeals relied on § 1367's grant of supplemental jurisdiction because the defendant, not the plaintiff sought to add the nondiverse defendant. Id. at 579-80. The same logic applies here. Platinum's claims against Coulson and CMI's subcontractors are not claims by the Plaintiff, CMI. Platinum is the original defendant. Platinum did not become a plaintiff for purpose of § 1367(b). As the Fifth Circuit held "'plaintiff' in § 1367(b) refers to the original Plaintiff, [here CMI],—not to a defendant, [Platinum], that happens also to be a counter-plaintiff ..." Id. at 580. This conclusion is supported by the Third, Fourth and Fifth Circuit Courts of Appeals. Preferred Care of Delaware, Inc., v. Crocker, 173 F.Supp. 3d 505, 512 (W.D. Ky 2016) ("The Third, Fourth and Fifth Circuit Court of Appeals have addressed the question of a court's supplemental jurisdiction over a defendant's counterclaim against a non-diverse nonparty. All three Circuits have found that supplemental jurisdiction does indeed allow the joinder of non-diverse counter-defendants.") (citations omitted.)

Accordingly, the Court has supplemental jurisdiction over Platinum's claims per § 1367(a). Platinum's motion to remand will be denied because this case was not removed from state court. (Doc. No. 1). The counter-complaint now becomes the operative pleading so the pending motions to dismiss (Doc. Nos. 39; 46, 49, 60, 66, 79, and 102) will be denied as moot. Mata-Cuellar v. Tennessee Dep't of Safety, No. 3:10-0619, 2010 WL 3122635, at *2 (M.D. Tenn. Aug. 6, 2010).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE